**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 04-2233

———————

AZEB GETAHUN,

                                                        Petitioner,

        versus

ALBERTO R. GONZALES, Attorney General,

                                                        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A78-350-662)

———————

Submitted:  March 25, 2005          Decided:  April 13, 2005

———————

Before WILKINSON, KING, and GREGORY, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Elliott C. Lichtman, Joseph J. Kranyak, LICHTMAN TRISTER & ROSS, P.L.L.C., Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, Michelle Gorden, Senior Litigation Counsel, John E. Cunningham, III, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Azeb Getahun, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming without opinion the immigration judge's order denying her applications for asylum and withholding of removal.

In her petition for review, Getahun challenges the immigration judge's determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Getahun fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the immigration judge's denial of Getahun's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Getahun fails to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

- 2 -

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                    PETITION DENIED